UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
2005 JAN 18 A 11:58
U.S. DISTRICT COURT
DISTRICT OF MASS.

)
CHARLES V. RYAN IV on behalf of himself )
and on behalf of others similarly situated, )
    Plaintiffs )
)
    v. )
)
ROBERT J. GARVEY, and PATRICK J. )
CAHILLANE in their individual capacities, )
    Defendants )
)

Civil Action No.

05 - 30017 - MAP

RECEIPT # 50 5827
AMOUNT $ 150.00
SUMMONS ISS. Y
LOCAL RULE 4.1
WAIVER OF SERV.
MCF ISSUED
AO 120 OR 121
BY DPTY CLK MLM
DATE 1/21/05

## COMPLAINT

### INTRODUCTION

1. This is a civil rights class action for declaratory and injunctive relief and money damages against Hampshire Sheriff Robert J. Garvey in his individual capacity for routine unconstitutional strip searches on intake of pre-arraignment detainees.

2. The named plaintiff Charles V. Ryan IV, seeks to represent a class of all people strip searched on or after January 18, 2002, without individualized reasonable suspicion at the Hampshire Jail and House of Correction due to the policies or practices of the defendant Hampshire Sheriff:

> while waiting for bail to be set or for a first court appearance after being arrested on charges that did not involve a weapon or drugs or contraband or a violent felony, including arrests on a default or other warrant on charges that did not involve a weapon or drugs or contraband or a violent felony.

3.     "Strip search" is used in this Complaint to refer to the inspection by a law enforcement officer of a person's bare breasts, buttocks, or genitals.

4.     On information and belief, over a hundred people have been subjected to unconstitutional strip searches upon admission to the Hampshire Jail/House of Correction.

## JURISDICTION

5.     This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343.

## PARTIES

6.     Named plaintiff Charles V. Ryan IV was at all times relevant to this complaint a resident of the Commonwealth of Massachusetts. He is an attorney and former Hampshire County Commissioner. He was arrested at his home law office at approximately 4:45 p.m. on the Friday before a long weekend (Martin Luther King, Jr. holiday).

7.     The defendant Robert J. Garvey was a resident of the Commonwealth of Massachusetts and the Hampshire Sheriff during the time period relevant to this complaint. He is sued in his individual capacity for actions he took under color of law.

8.     The defendant Patrick J. Cahillane was a resident of the Commonwealth of Massachusetts and the Deputy Superintendent responsible for operation of the

Hampshire Jail and House of Correction during the time period relevant to this complaint. He is sued in his individual capacity for actions he took under color of law.

## FACTS

9. At 4:45 p.m. on Friday, January 18, 2002, plaintiff Charles V. Ryan IV was arrested in Worthington, Massachusetts for allegedly violating a protective order two days earlier. The alleged violation consisted of driving by his ex-wife's home.

10. There was no allegation that the violation of the protective order involved violence or a threat of violence.

11. Mr. Ryan was taken by state police officers to the Russell State Police Barracks for booking.

12. State police officers then took Mr. Ryan to the Hampshire Jail and House of Correction to be held for his first court appearance on the following Tuesday morning, since Monday was a holiday.

13. On information and belief, it was the practice of State Police officers and other police officers in Hampshire County to bring pre-arraignment detainees to the Hampshire Jail and House of Correction to be held before a first court appearance when the person could not make bail.

14. On admission to the Jail and House of Correction, a correctional officer ordered Mr. Ryan to remove all of his clothing and submit to a strip search.

15. Because he had no choice, Mr. Ryan complied with the request. He removed his clothing and followed orders of the correctional officer to bend over.

16. The correctional officer visually inspected the plaintiff's nude body including his genitals.

17. The correctional officer had no reason to suspect that Mr. Ryan had any weapons or contraband hidden on his person.

18. After the strip search, the correctional officer told Mr. Ryan to change into a jail uniform.

19. Because the following Monday was a holiday, Mr. Ryan did not appear in court until Tuesday, January 22, 2002. On that day Sheriff's officers took Mr. Ryan to court. He was arraigned by the judge and released from custody.

20. The criminal charge against Mr. Ryan was dismissed a few months later in May 2002, when the Commonwealth filed a *nolle prosequi*.

21. Mr. Ryan suffered emotional distress as a result of the strip search. He was shocked by the incident. He felt humiliated, degraded, and violated.

22. The policy or practice established and/or maintained by Sheriff Garvey and implemented by defendant Cahillane was to require Hampshire Jail and House of Correction officers to view, without evaluating for individualized reasonable suspicion, the naked body of every person at the time of admission to the Hampshire Jail and House of Correction. This policy or practice applied regardless of the person's charges or anticipated duration of detention. The policy or practice directed employees of the Sheriff's Department to conduct illegal strip searches of the plaintiff and members of the plaintiff class.

## CLASS ACTION ALLEGATIONS

23. This action is brought pursuant to Rule 23(a) and (b) (1) and (3) of the Federal Rules of Civil Procedure by the named plaintiff as a class action on behalf of all people strip searched on or after January 18, 2002, without individualized reasonable suspicion at the Hampshire Jail and House of Correction due to a policy or practice of Sheriff Garvey:

> while waiting for bail to be set or for a first court appearance after being arrested on charges that did not involve a weapon or drugs or contraband or a violent felony, including arrests on a default or other warrant on charges that did not involve a weapon or drugs or contraband or a violent felony.

24. The named plaintiff, Charles V. Ryan IV, is a member of the class. The class represented by the plaintiff is so numerous that joinder of all such persons is impractical. On information and belief, the policy or practice described above has existed for several years, affecting hundreds of potential class members. It continued to exist for approximately one year after this incident until a policy that comports with constitutional standards was implemented.

25. There are questions of law and fact common to the class of plaintiffs. Central to all the claims is the nature and constitutionality of the policy or practice of Sheriff Garvey regarding intake strip searches without individualized reasonable suspicion of pre-arraignment detainees.

26. The named plaintiff's claims or defenses are typical of the claims or defenses of the class of plaintiffs.

27. The named plaintiff will fairly and adequately represent and protect the interests of the members of the class. Counsel for the plaintiff is experienced and capable in civil rights litigation. Class counsel has successfully represented plaintiffs in other class actions alleging unlawful strip searches. Counsel has the resources and expertise to prosecute this action.

28. This action is properly maintainable as a class action because the prosecutions of separate actions by the individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the defendant.

29. This action is properly maintainable as a class action because the prosecutions of separate actions would create a risk of adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members who are not parties or would substantially impair or impede their ability to protect their interests.

30. As a direct result of policy or practice, class members have been subjected to unlawful strip searches, which has caused each member of the class to endure emotional distress, humiliation, and degradation.

## CLAIM: 42 U.S.C. § 1983

31. The above paragraphs are incorporated herein.

32. Sheriff Garvey was the chief executive officer of the Hampshire Sheriff's Department. In this position he was responsible for establishing policies for correctional

officers and for supervising correctional officers at the Hampshire Jail and House of Correction.

33. At the time of this incident, the Sheriff's formal written policies for the Jail and House of Correction did not make any distinction in the level of cause needed to conduct a strip search of pre-arraignment detainees from the cause needed to strip search pre-trial detainees or convicted prisoners. The policy affirmatively permitted strip searches on a detainee's entrance into the facility without any reason to suspect the person had hidden contraband.

34. On information and belief every person who was required to put on a jail uniform during the class period was subjected to a strip search without regard for cause.

35. Sheriff Garvey implemented, knew, or should have known that there was a policy or practice of conducting strip searches, without individualized reasonable suspicion, at intake of pre-arraignment prisoners in violation of the United States Constitution. He had an obligation to correct this practice so that it would conform to the Constitution but instead he allowed it to continue.

36. Deputy Superintendent Cahillane was responsible for supervision and daily operations of the Hampshire Jail and House of Correction.

37. Deputy Superintendent Cahillane implemented, knew, or should have known that there was a policy or practice of conducting strip searches, without individualized reasonable suspicion, at intake of pre-arraignment prisoners in violation

of the United States Constitution. He had an obligation to correct this practice so that it would conform to the Constitution but instead he allowed it to continue.

38. By January 18, 2002, the law was clearly established that routine intake strip searches of pre-arraignment detainees like the plaintiff and members of the plaintiff class without evaluating for cause were unconstitutional. A decision granting summary judgment to plaintiffs for a similar policy implemented by the Sheriff of Suffolk County, Massachusetts was issued on July 31, 2001. Ford v. City of Boston, 154 F.Supp.2d 131 (D.Mass. 2001) holding the law was clearly established in 1997.

39. By the actions described above, the defendants deprived the named plaintiff and members of the plaintiff class of their clearly established right, guaranteed by the Constitution of the United States, to be free from unreasonable searches.

40. As a direct and proximate result of this conduct, the plaintiffs have suffered injuries as described above.

**WHEREFORE** the plaintiffs request that this Court:

1. Award compensatory damages and punitive damages to the named plaintiff and to members of the plaintiff class;

2. Award the plaintiffs the costs of this action including reasonable attorney's fees; and

3. Award whatever additional relief this Court deems necessary and appropriate.

## JURY DEMAND

A jury trial is hereby demanded.

RESPECTFULLY SUBMITTED,

Howard Friedman
Jennifer Bills
Myong J. Joun
**Law Offices of Howard Friedman P.C.**
90 Canal Street, 5th Floor
Boston, MA 02114-2022
(617) 742-4100
(617) 742-5858 (fax)
HFriedman@civil-rights-law.com

Date: 1/18/05

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Charles V. Ryan IV on behalf of himself and others similarly situated

(b) County of Residence of First Listed Plaintiff: Hampshire
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Robert J. Garvey, and Patrick J. Cahillane

County of Residence of First Listed: Hampshire
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED IN CLERKS OFFICE
2005 JAN 18 A 11: 58
U.S. DISTRICT COURT
DISTRICT OF MASS

(c) Attorney's (Firm Name, Address, and Telephone Number)
Howard Friedman, Myong J. Joun, and Jennifer L. Bills
Law Offices of Howard Friedman, P.C.
90 Canal Street, 5th Floor, Boston, MA 02114 (617) 742-4100

Attorneys (If Known)
05-30017-MAP

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | | [ ] 640 R.R. & Truck | PROPERTY RIGHTS | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 650 Airline Regs. | | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | [ ] 660 Occupational Safety/Health | [ ] 820 Copyrights | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / PERSONAL PROPERTY / [ ] 370 Other Fraud | [ ] 690 Other | [ ] 830 Patent | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | | [ ] 840 Trademark | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 892 Economic Stabilization Act |
| | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 863 DIWC/DIWW (405(g)) | [ ] 894 Energy Allocation Act |
| | | | [ ] 864 SSID Title XVI | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 865 RSI (405(g)) | |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | FEDERAL TAX SUITS | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 740 Railway Labor Act | |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 245 Tort Product Liability | [x] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 |
| | | [ ] 555 Prison Condition | | [ ] 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## VII. REQUESTED IN COMPLAINT:
[x] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: January 18, 2005
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Charles V. Ryan IV et al. v. Robert J. Garvey et al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
          *Also complete AO 120 or AO 121
          for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   05-30017-MAP

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   NONE

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☑

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Howard Friedman, Myong J. Joun, and Jennifer L. Bills
ADDRESS          90 Canal Street, 5th Floor; Boston, MA 02114-2022
TELEPHONE NO.    (617) 742-4100

(Coversheetlocal.wpd - 10/17/02)