UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 05-CV-30017-MAP

|  |  |
|---|---|
| CHARLES V. RYAN IV on behalf of himself and on behalf of others similarly situated,<br>　　　　Plaintiffs,<br><br>v.<br><br>ROBERT J. GARVEY and PATRICK J. CAHILLANE, in their individual capacities,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO COMPLAINT

The Attorney General, on behalf of the defendants, Robert J. Garvey and Patrick J. Cahillane, submits this answer to the complaint.

### INTRODUCTION

1. The allegations of paragraph 1 call for a legal conclusion and seek to characterize this action, and thus no response is required.

2. The allegations of paragraph 2 call for a legal conclusion and seek to characterize this action, and thus no response is required. To the extent that the allegations include quoted language from a document, that document speaks for itself.

3. The defendants are not required to respond to the statement in paragraph 3 because it is not an averment. The defendants shall, however, rely upon the stated definition for purposes only of answering the complaint.

4. The allegations of paragraph 4 call for a legal conclusion and thus no response is

required.

## JURISDICTION

5. The allegations of paragraph 5 call for a legal conclusion and thus no response is required. To the extent an answer may be required, the allegations are denied.

## PARTIES

6. The defendants admit that on January 18, 2002 (the Friday before the Martin Luther King, Jr. Holiday) the plaintiff, who is an attorney in the Commonwealth of Massachusetts, was arrested. The defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations.

7. The defendants admit that Robert J. Garvey was a resident of the Commonwealth of Massachusetts and the Hampshire Sheriff during the time period relevant to this complaint. The remaining allegations in paragraph 7 call for a legal conclusion and seek to characterize the nature of this action, and thus no response is required.

8. The defendants admit that Patrick J. Cahillane was a resident of the Commonwealth of Massachusetts and the Deputy Superintendent responsible for operation of the Hampshire Jail and House of Correction during the time period relevant to this complaint. The remaining allegations in paragraph 8 call for a legal conclusion and seek to characterize the nature of this action, and thus no response is required.

## FACTS

9. The defendants admit that on January 18, 2002 the plaintiff was arrested by a state trooper for an alleged violation two days earlier of an abuse prevention order under G.L. c. 209A § 7. The defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 9 and they call for a legal

conclusion.

10. The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10.

11. The defendants admit the allegations in paragraph 11.

12. The defendants admit the allegations in paragraph 12.

13. The defendants admit that under some circumstances State Police Officers and other police officers in Hampshire County brought *some* pre-arraignment detainees to the Hampshire Jail and House of Correction to be held before a first court appearance when those individuals could not make bail. The defendants deny that it was the practice to bring all such individuals to the Hampshire Jail and House of Correction.

14. The defendants admit, based upon the practice at the time, that a correctional officer probably requested Mr. Ryan to remove all of his clothing and submit to a strip search upon his admission to the Jail and House of Correction. The defendants are without sufficient knowledge or information to determine the truth of the remaining allegations.

15. The defendants admit that at some point the plaintiff removed all of his clothing. The defendants deny that the plaintiff "had no choice." The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations that the plaintiff was strip searched and that he was ordered to bend over and that he in fact bent over.

16. The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16.

17. The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17.

18. The defendants admit the allegations in paragraph 18.

19. The defendants admit the allegations in paragraph 19.

20. The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20.

21. The defendants deny the allegations in paragraph 21.

22. The defendants admit that as of January 18, 2002 Sheriff Garvey had established, and Deputy Superintendent Cahillane had implemented, the practice for correction officers to request and conduct strip searches of all persons being admitted as inmates to the Hampshire Jail and House of Correction at the time of their admission. The allegations that this "policy or practice directed employees of the Sheriff's Department to conduct illegal strip searches of the plaintiff and members of the plaintiff class" calls for a legal conclusion and thus no response is required.

## CLASS ACTION ALLEGATIONS

23. The allegations of paragraph 23 call for a legal conclusion and seek to characterize this action, and thus no response is required. To the extent that the allegations include quoted language from a document, that document speaks for itself.

24. The allegations of paragraph 24 call for legal conclusions and thus no response is required.

25. The allegations of paragraph 25 call for a legal conclusion and thus no response is required.

26. The allegations of paragraph 26 call for a legal conclusion and thus no response is required.

27. The allegations of paragraph 27 call for legal conclusions and thus no response is

required.

28. The allegations of paragraph 28 call for a legal conclusion and thus no response is required.

29. The allegations of paragraph 29 call for a legal conclusion and thus no response is required.

30. The allegations of paragraph 30 call for a legal conclusion and thus no response is required. To the extent a response required, the allegations are denied.

### CLAIM: 42 U.S.C. § 1983

31. The defendants incorporate their responses in the above paragraphs.

32. The defendants admit the allegations in paragraph 32.

33. The allegations in this paragraph pertain to a written document, which speaks for itself.

34. The defendants admit that as of January 18, 2002 it was the practice at the Hampshire Jail and House of Correction to strip search persons being admitted as inmates to the Hampshire Jail and House of Correction (and thus required them to where inmate clothes) at the time of their admission. The allegations pertaining to "class period" call for a legal conclusion and thus no response is required to that allegation.

35. The allegations of paragraph 35 call for a legal conclusion and thus no response is required.

36. The defendants admit the allegations in paragraph 36.

37. The allegations of paragraph 37 call for a legal conclusion and thus no response is required.

38. The allegations of paragraph 38 call for a legal conclusion and thus no response is required.

39. The allegations of paragraph 39 call for a legal conclusion and thus no response is required. To the extent a response is required, the allegations are denied.

40. The allegations of paragraph 40 call for a legal conclusion and thus no response is required. To the extent a response is required, the allegations are denied.

The defendant requests that the Court deny the relief requested by plaintiffs and award the defendant such relief as it deems just and appropriate, including costs and attorney fees.

The defendant hereby denies any allegation in the complaint that was not expressly admitted above.

**AFFIRMATIVE DEFENSES**

1. The plaintiff's claims are barred in whole or in part by the doctrine of qualified immunity.

2. The plaintiff cannot meet the requirements necessary to bring this matter as a class action, including numerosity, commonality, and typicality.

3.      The defendants hereby gives notice that they intend to rely upon such other and further defenses that may become available or apparent during discovery proceedings in this case and hereby reserves the right to amend this answer to assert any such defenses.

                                      **ROBERT J. GARVEY AND**
                                      **PATRICK J. CAHILLANE,**
                                      **BY: THOMAS F. REILLY**
                                      **ATTORNEY GENERAL**

                              By:  /s/ Timothy M. Jones
                                   Timothy M. Jones
                                   Assistant Attorney General
                                   Western Massachusetts Division
                                   1350 Main Street, 4th Floor
                                   Springfield, MA 01103
                                   (413)784-1240 ext. 105
                                   (413)784-1244 - Fax
                                   BBO#618656

CERTIFICATE OF SERVICE

    I, Timothy M. Jones, hereby understand that the plaintiff's attorney will be served via the CM/ECF system and thus no separate service is required.

                                        _____
                                        Timothy M. Jones