UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 05-30017-MAP

| | |
|---|---|
| CHARLES V. RYAN IV on behalf of himself and behalf of others similarly situated,<br>　　　　　Plaintiffs,<br><br>v.<br><br>ROBERT J. GARVEY and PATRICK J. CAHILLANE in their individual capacities,<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ASSENTED TO MOTION FOR AN ORDER GRANTING ACCESS
AND LEAVE TO DISCLOSE CRIMINAL OFFENDER RECORD
AND OTHER INFORMATION**

The Attorney General, on behalf of the defendants, Robert J. Garvey and Patrick J. Cahillane, respectfully moves that the Court issue an order allowing him to obtain from criminal justice agencies as defined in the CORI law, Mass. Gen. L. c. 6, §167, and other state and local law enforcement agencies, Criminal Offender Record Information ("CORI"), evaluative and intelligence information concerning the plaintiff, Charles V. Ryan, IV (DOB: 7/20/54, ) and other similarly situated individuals who are putative class members as may be necessary for the preparation, trial, or appeal of this case. The Attorney General also seeks an order granting him leave to use or disclose such CORI as may be necessary in the preparation, trial or appeal of this case.

As grounds therefor, the Attorney General states the following:

1. The plaintiff, a former pre-arraignment detainee at the Hampshire Jail and House of Correction brings this action under 42 U.S.C. §§1983 and 1988 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and pursuant to Rule 23(a) and (b)(1) of the Federal Rules of Civil Procedure as a class action, seeking compensation for alleged routine unconstitutional strip searches on behalf of all people strip searched on or after January 18, 2002 at the Hampshire Jail and House of Correction.

2. The Attorney General is charged by statute to represent the interests of the defendants in this case. Given the nature and subject matter of the case, it is essential for the Attorney General to have access to CORI information relevant to or pertaining to the plaintiff, the offense, and his incarceration and implementation of search policies at the jail. In addition to being granted access to this information, the Attorney General needs the authority to use the information in the defense of this action, and to disclose such CORI in discovery, to the court, or otherwise related to the case during the pendency of the litigation.

3. This information is also highly relevant to trial strategy and to liability and damages under 42 U.S.C. § 1983. Pursuant to its authority under G.L. c. 6 § 167 *et seq.*, the Criminal History Systems Board has authorized attorneys of record to obtain CORI information for purposes of trial strategy and impeachment if ordered by the court and if counsel submits an affidavit stating that the CORI will be used for these purposes, and that it will not be improperly disclosed to unauthorized persons. The required affidavit is attached to this Motion.

4. The Attorney General has agreed to provide the plaintiff all documents obtained via the proposed order, unless before the Attorney General obtains the document a protective order is entered by the Court, following the filing of a motion for a protective order, with notice and an

opportunity to oppose and to be heard.   The Attorney General also recognizes that-except as authorized by the attached proposed order, an further order of the Court, or the CHSB-and CORI obtained pursuant to this order remains subject to the disclosure restrictions of the CORI law, and to the extent of those restrictions, is within exemption (a) of the public records law, G.L. c. 4, §7, cl. 26(a).  The Attorney General will assert exemption (a) in response to any public record request seeking such information and will give timely notice to plaintiff of any proceeding in which the applicability of exemption (a) to such information is challenged, so that plaintiff may participate in such proceedings if he desires.

     5.  The Attorney General recognizes that the Court retains the authority to issue protective orders concerning the use or disclosure of this CORI and other information in particular circumstances, and that issues concerning privileges in this information can be brought to the Court's attention.

     6.  The plaintiff has assented to this motion.

     WHEREFORE, the Commonwealth requests that the Court enter an Order permitting it to obtain and to disclose or use CORI, evaluative, or intelligence information that may be relevant to or pertaining to the plaintiff Charles V. Ryan, IV, DOB: 7/20/54, the offenses for which he was convicted, and other similarly situated individuals who are putative class members.

Respectfully submitted**,**
For the Defendants Robert J. Garvey
and Patrick J. Cahillane

**THOMAS F. REILLY**
**ATTORNEY GENERAL**

By: /s/ Timothy M. Jones
    Timothy M. Jones
    Assistant Attorney General
    1350 Main Street, 4th Floor
    Springfield, MA 01103
    Telephone: (413) 784-1240 Ext. 105
    Facsimile: (413) 784-1244

Dated: June 6, 2005    BBO # 618656

## CERTIFICATE OF SERVICE

    I, Timothy M. Jones, hereby certify it is my understanding that plaintiff's counsel will be served with the **Assented to Motion for an Order Granting Access to and Leave to Disclose Criminal Offender Record Information** and **Affidavit of Timothy M. Jones** via the CM/ECF filing system.

    /s/ Timothy M. Jones
    Timothy M. Jones
    Assistant Attorney General

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 05-30017-MAP

| | |
|---|---|
| CHARLES V. RYAN IV on behalf of himself and behalf of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ROBERT J. GARVEY and PATRICK J. CAHILLANE in their individual capacities, | ) ) ) |
| Defendants. | ) ) |

**AFFIDAVIT OF TIMOTHY M. JONES**

I, Timothy M. Jones, upon oath depose and state as follows:

1.  I am an Assistant Attorney General for the Office of the Attorney General, Western Massachusetts Division, 1350 Main Street, 4th Floor, Springfield, Massachusetts. In connection with the above referenced case filed in the United States District Court, District of Massachusetts, I am requesting an order granting access to Criminal Offender Record Information (CORI) that may be relevant to or pertaining to the plaintiff Charles V. Ryan, IV (DOB: 7/20/54), his offense(s) or his incarceration, for leave to disclose or use that CORI, and his allegations on behalf of the alleged class action with regard to search policies at the jail.

2.  The Office of the Attorney General will access, use or disclose such CORI only as authorized by the Court or the Criminal History Systems Board as may be necessary in the preparation, trial or appeal of this case.

Sworn under the pains and penalties of perjury this 6th of June, 2005.

/s/ Timothy M. Jones
Timothy M. Jones, Assistant Attorney General

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 05-30017-MAP

| | |
|---|---|
| CHARLES V. RYAN IV on behalf of himself and behalf of others similarly situated,<br>　　　　Plaintiffs,<br><br>v.<br><br>ROBERT J. GARVEY and PATRICK J. CAHILLANE in their individual capacities,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>ORDER</u>**

The defendant Commonwealth of Massachusetts' ASSENTED TO MOTION FOR AN ORDER GRANTING ACCESS TO AND LEAVE   TO DISCLOSE CRIMINAL OFFENDER RECORD AND OTHER INFORMATION and the attached affidavit of Timothy M. Jones, Assistant Attorney General, having come before the Court for consideration, it is hereby ORDERED:

　　1. That state and local law enforcement agencies may release to the Attorney General Criminal Offender Record Information ("CORI"), evaluative and intelligence information that may be relevant to or pertaining to Charles V. Ryan, IV (DOB: 7/20/54), and other individuals related to the case, to plaintiff's incarceration or to his offenses**,** as may be necessary for the preparation, trial or appeal of this case.

　　2. The Office of the Attorney General will access, use or disclose such information as

described in paragraph 1 of this Order only as authorized by the Court or the Criminal History Systems Board.

    3. This Court may issue protective orders concerning the use or disclosure of this CORI and other information in particular circumstances. Issues concerning privileges in this information may also be brought to this Court's attention.

                                                                                                      Judge Michael A. Ponser

Date: _____