UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHARLES V. RYAN IV, on behalf of himself and on behalf of others similarly situated,<br>　　　　Plaintiffs<br><br>v.<br><br>ROBERT J. GARVEY, and PATRICK J. CAHILLANE in their individual capacities,<br>　　　　Defendants | Civil Action No. 05-30017-MAP |

## PLAINTIFF'S MOTION TO AMEND THE CLASS DEFINITION

Now that the parties have conducted limited class discovery, the plaintiff moves to amend the class definition in this case to better reflect the make-up of the class and to limit the class period to the date when the defendants stopped the illegal strip search practice. Plaintiff moves that the class definition be amended as follows:

> All persons who were illegally strip searched at the Hampshire Jail and House of Correction from January 18, 2002 to November 7, 2002, under a policy of conducting strip searches without evaluating for individualized reasonable suspicion:
>
> (1)　while waiting for bail to be set or for a first court appearance after being arrested on charges that did not involve a weapon or drugs or contraband or a violent felony; or
>
> (2)　while waiting for a first court appearance after being arrested on a default or other warrant (for example, those issued by the State Parole Board) on charges that did not involve a weapon or drugs or contraband or a violent felony; or
>
> (3)　while held as a witness; or
>
> (4)　while held after a finding of civil contempt of court for failure to pay child or spousal support, a judgment, or a fine.

In support of the motion to amend the class, the plaintiff states the following:

1. On November 8, 2002, the Hampshire County Pre-Arraignment Holding Facility was opened as a regional lock-up to hold arrestees on behalf of local police departments in Hampshire County which often did not have holding cells.

2. The defendants implemented a new strip search policy which went into effect on November 8, 2002 which authorized a strip search "only when there is reason to believe that contraband, weapons or other suspicions items have been, or might be introduced into the Regional Lock-Up." This new policy is not challenged in this lawsuit.

3. From January 18, 2002 to November 7, 2002, in addition to arrestees who were held while waiting for bail to be set or for a first court appearance, the Hampshire Jail and House of Correction held other detainees who also had the right to be free from strip searches without individualized reasonable suspicion.

4. One person was held as a witness until that person could testify in court. Defendants confirmed that this person would have been subjected to a strip search on admission to the Jail pursuant to Jail policy.[1] This is a person who was not even charged with a crime.

5. Some class members were held at the Jail after a finding of civil contempt of a court for failure to pay fines, child or spousal support, or a judgment. They have the same right to be free from suspicionless strip searches.[2]

---

[1] Ex. B. at ¶8(c), n.4 (Affidavit of Myong J. Joun), attached to the Memorandum in Support of Plaintiff's Motion for Class Certification.

[2] Smook v. Minnehaha County, 340 F.Supp.2d 1037, 1042 (D.S.D.,2004) (treating people held on contempt of court charges as "non-felony arrestees"); Thompson v. County of Cook, --- F.Supp.2d ----, 2005 WL 1950363, *7-8 (N.D.Ill.,2005) (applying Fourth Amendment reasonableness to civil contempt detainee's claim of unlawful strip search at county jail).

WHEREFORE, plaintiff moves that this Court to permit him to amend the class definition in this case.

        RESPECTFULLY SUBMITTED,
        For the plaintiffs,

        /s/ Howard Friedman

        _____
        Howard Friedman
        BBO #180080
        Myong J. Joun
        BBO #645099
        Law Offices of Howard Friedman, P.C.
        90 Canal Street, Fifth floor
        Boston, MA 02114-2022
        T (617) 742-4100
        F (617) 742-5858
        hfriedman@civil-rights-law.com
        mjjoun@civil-rights-law.com

**CERTIFICATE OF CONFERENCE PURSUANT TO L.R. 7.1(A)(2)**

Pursuant to L.R. 7.1(A)(2), I certify that I have conferred in good faith with counsel for the defendant in an attempt to resolve the issue that is the subject of the accompanying motion.

        /s/ Myong J. Joun
        _____
        Myong J. Joun