UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 05-CV-30017-MAP

|  |  |
|---|---|
| CHARLES V. RYAN IV on behalf of himself and on behalf of others similarly situated,<br>            Plaintiffs,<br><br>v.<br><br>ROBERT J. GARVEY and PATRICK J. CAHILLANE, in their individual capacities,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND MOTION TO AMEND CLASS DEFINITION**

Defendants, Robert J. Garvey and Patrick J. Cahillane, respond to the plaintiff's, Charles V Ryan, IV, Motion for Class Certification and Motion to Amend Class Definition (collectively, "Motions") as follows :

1.      The plaintiff has requested class certification or, alternatively, partial class certification.  *See* Plaintiff's Memorandum in Support of Class Certification, p. 13 n. 29 (discussing partial class certification).  The defendants dispute several factual and legal assertions in the Motions and the Memorandum in Support of Class Certification (and the supporting affidavits).  Nevertheless, the defendants have no reasonable basis for disputing that Ryan has generally satisfied the criteria for partial class certification under Fed. R. Civ. P. 23(a) and (b)(3), except to the extent discussed below.[1]

2.      The defendants dispute Ryan's estimated size of the class and whether certain former inmates meet or should be included within the class definition.  For example, the Joun

---

[1]The defendants reserve the right to later rebut the plaintiff's specific factual or legal assertions with which they do not agree.

Affidavit and the Motion to Amend the Class Definition state that there was a "witness" who should be included within the class definition. *See* Joun Affidavit, ¶ 8(e); Motion to Amend Class Definition, p. 2. The defendants vehemently dispute that the jail had the asserted strip search policy or practice with regard to witnesses. In the instance referenced, the jail did have custody of the individual so that he could appear as a witness, but the individual was serving a life sentence for murder in the state prison system. The jail was complying with a court order to hold that individual because he was ordered to appear as a witness. That individual should therefore not be within the class, and thus the proposed class definition should not include him.

3. Further, in some instances where individuals were brought to the jail on, for example, default warrants, a mittimus for contempt, or a probation violation, there may have been circumstances regarding those specific individuals that provided a reasonable suspicion to strip search the individuals. For example, the individual may have a history of possessing drugs or weapons. Or, further investigation may reveal that the underlying charges or the violation of probation or parole involved a crime relating to drugs or weapons. As the plaintiff essentially concedes, those individuals should not be included within the class. *See* Joun Affidavit, ¶ 4; Motion for Class Certification, ¶ 2.

4. In addition, the plaintiff projects the size of the class based upon an estimate derived from his review of a relatively small sample of the entire relevant population. *See* Joun Affidavit, ¶ 8(f). The defendants' review of that population reveals that the plaintiff's projection over-estimates the size of the class.

5. Lastly, for all the above reasons regarding variability within the putative class, and as the plaintiff appears to concede, there will be a need for further refinement of the class definition (for example, into subclasses) or separate liability and/or damages hearings with respect to individual circumstances and/or subclasses of individuals, depending on the factual circumstances that arise throughout discovery. *See* Plaintiff's Memorandum in Support of Class

Certification, p. 11 n. 24, p. 13 n. 29; *Ford v. City of Boston,* 154 F.Supp.2d 131, 145-46(D. Mass. 2001). For example, there would be no liability with respect to a putative class member for whom there existed an individualized reasonable suspicion to conduct a strip search. *See Ford,* 154 F.Supp.2d at 145-46.

                    **ROBERT J. GARVEY AND**
                    **PATRICK J. CAHILLANE,**
                    **BY: THOMAS F. REILLY**
                    **ATTORNEY GENERAL**

By: /s/ Timothy M. Jones
     Timothy M. Jones
     Assistant Attorney General
     Western Massachusetts Division
     1350 Main Street, 4th Floor
     Springfield, MA 01103
     (413)784-1240 ext. 105
     (413)784-1244 - Fax
     BBO#618656
     Dated: March 27, 2006

CERTIFICATE OF SERVICE

    I, Timothy M. Jones, hereby understand that the plaintiff's attorney will be served via the CM/ECF system and thus no separate service is required.

                    /s/ Timothy M. Jones
                    Timothy M. Jones