UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHARLES V. RYAN IV, on behalf of himself and on behalf of others similarly situated, Plaintiffs<br><br>v.<br><br>ROBERT J. GARVEY, and PATRICK J. CAHILLANE in their individual capacities, Defendants | Civil Action No. 05-30017-MAP |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN SUPPORT OF CLASS CERTIFICATION

Plaintiffs move the Court to allow them to file the attached Supplemental Memorandum in Support of Class Certification. In support of this motion, plaintiffs state that on March 3, 2006, plaintiffs filed their motion for class certification estimating that there were 124 putative class members. On March 27, 2006, the defendants filed a response disputing the size of the putative class. On April 27, April 28 and May 1, 2006, plaintiffs' counsel reviewed all of the inmate file folders at Hampshire Jail. As a result, the parties now know a more precise number of putative class members.

WHEREFORE, plaintiffs request that the Court allow the filing of the attached supplemental memorandum in order to provide the Court with a more accurate number of putative class members and to respond to the defendants' arguments.

RESPECTFULLY SUBMITTED,
For the plaintiffs,


/s/ Myong J. Joun
_____
Howard Friedman
BBO #180080
Myong J. Joun
BBO #645099
Law Offices of Howard Friedman, P.C.
90 Canal Street, Fifth floor
Boston, MA 02114-2022
T (617) 742-4100
F (617) 742-5858
hfriedman@civil-rights-law.com
mjjoun@civil-rights-law.com


**CERTIFICATE OF CONFERENCE**
**PURSUANT TO L.R. 7.1(A)(2)**

Pursuant to L.R. 7.1(A)(2), I certify that I have conferred in good faith with counsel for the defendants in an attempt to resolve the issue that is the subject of the accompanying motion.

Dated: June 22, 2006      /s/ Myong J. Joun

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
CHARLES V. RYAN IV, on behalf of himself )
and on behalf of others similarly situated, )
    Plaintiffs )
) Civil Action No. 05-30017-MAP
    v. )
)
ROBERT J. GARVEY, and PATRICK J. )
CAHILLANE in their individual capacities, )
    Defendants )
_____)

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF CLASS CERTIFICATION**

On March 3, 2006, plaintiffs filed their motion for class certification. Plaintiffs' counsel estimated that there were 124 putative class members. *Ex. A. at ¶1.* This estimate was based in part on counsel's examination of 84 inmate booking files during counsel's visit to the Hampshire Jail on February 6, 2006. *Id.*

On March 27, 2006, the defendants filed a response stating that "the defendants have no reasonable basis for disputing that Ryan has generally satisfied the criteria for partial class certification under Fed.R.Civ.P. 23(a) and (b)(3)" but disputing the size of the putative class. On April 27, April 28 and May 1, 2006, plaintiffs' counsel reviewed all of the remaining 182 inmate file folders. *Id. at ¶2.* Based on this review, plaintiffs' counsel believe there are a total of 102 putative class members. *Id. at ¶4.* Now that the size of the class is more precise, plaintiffs respond to the defendants' arguments.

1. Plaintiffs agree that the individual who was held at the jail so that he could appear as a witness does not meet the class definition. *See Defendants' Response, ¶2.* A review of the individual's jail file indicated that he was serving a life sentence for murder in a state prison, thus he does not fit the class definition. *Ex. A. at ¶3.*

2. Since the parties now agree that the only person who was held as a witness is not a class member, plaintiffs have filed a motion to amend class definition to the following:

> All persons who were illegally strip searched at the Hampshire Jail and House of Correction from January 18, 2002 to November 7, 2002, under a policy of conducting strip searches without evaluating for individualized reasonable suspicion:
>
> (1) while waiting for bail to be set or for a first court appearance after being arrested on charges that did not involve a weapon or drugs or contraband or a violent felony; or
>
> (2) while waiting for a first court appearance after being arrested on a default or other warrant (for example, those issued by the State Parole Board) on charges that did not involve a weapon or drugs or contraband or a violent felony; or
>
> (3) while held after a finding of civil contempt of court for failure to pay child or spousal support, a judgment, or a fine.

3. Plaintiffs also agree with the defendants that individuals who were arrested on a default or other warrant for which any of the underlying criminal charges involved drugs or weapons would not meet the class definition. *See Defendants' Response, ¶3.* Plaintiffs did not include any person if their records showed that the underlying criminal charge involved drugs or a weapon in the estimated class size of 102. *Ex. A. at ¶4.*

4.	A group of 102 people is sufficiently large to be certified as a class action. *1 Herbert Newberg & Alba Conte,* <u>Newberg on Class Actions</u>*, §3.05 at 3-25 (3d. ed. 1992).*

5.	For the reasons stated in plaintiffs' memorandum in support of their motion for class certification and in this supplemental memorandum, plaintiffs request that this Court certify the plaintiff class as described in plaintiff's second motion to amend the class definition filed this day.

                                      RESPECTFULLY SUBMITTED,
                                      For the plaintiffs,

/s/ Myong J. Joun
_____
Howard Friedman
BBO #180080
Myong J. Joun
BBO #645099
Law Offices of Howard Friedman, P.C.
90 Canal Street, Fifth floor
Boston, MA 02114-2022
T (617) 742-4100
F (617) 742-5858
hfriedman@civil-rights-law.com
mjjoun@civil-rights-law.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                            )
CHARLES V. RYAN IV, on behalf of himself )
and on behalf of others similarly situated,    )
       Plaintiffs                                             )
                                                            )    Civil Action No. 05-30017-MAP
       v.                                                     )
                                                            )
ROBERT J. GARVEY, and PATRICK J.         )
CAHILLANE in their individual capacities,  )
       Defendants                                          )
_____)

**AFFIDAVIT OF MYONG J. JOUN**

I, Myong J. Joun, on oath, depose and say the following:

1.    On March 3, 2006, I estimated that there were approximately 124 individuals who fit the class definition in this case. This was based in part on my examination of 84 inmate booking files during my visit to the Hampshire Jail on February 6, 2006. *See my affidavit in support of plaintiffs' motion for class certification.*

2.    On April 27, April 28 and May 1, 2006, I visited Hampshire Jail to review all of the remaining 182 inmate booking files.

3.    Among these files, I reviewed the jail file of the sole person held as a witness during the class period. The file indicated that the individual was serving a life sentence for murder in a state prison. Thus, he would not meet the class definition.

4.    Based on my review of all 266 jail booking files, I now believe there are a total of 102 putative class members. I did not include any person who was arrested on

a default or other warrant if their record showed that any of the underlying criminal charges involved drugs or a weapon.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15th day of June, 2006,

/s/ Myong J. Joun
MYONG J. JOUN