UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 05-CV-30017-MAP

|  |  |
|---|---|
| CHARLES V. RYAN IV on behalf of himself and on behalf of others similarly situated,<br>　　　　Plaintiffs,<br><br>v.<br><br>ROBERT J. GARVEY and PATRICK J. CAHILLANE, in their individual capacities,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO AMEND CLASS DEFINITION AND MOTION FOR LEAVE TO FILE SUPPORTING SUPPLEMENTAL MEMORANDUM,

　　　　Defendants, Robert J. Garvey and Patrick J. Cahillane, respond to the plaintiff's, Charles V Ryan, IV, Second Motion to Amend Class Definition and Motion for Leave to File Supplemental Memorandum in Support of Class Certification (collectively, "Motions") as follows:

　　　　1.　　Ryan has requested class certification or, alternatively, partial class certification. *See* Plaintiff's Memorandum in Support of Class Certification, p. 13 n. 29 (discussing partial class certification). The defendants dispute several factual and legal assertions in the Motions and the Memorandum in Support of Class Certification (and the supporting affidavits). Nevertheless, the defendants have no reasonable basis for disputing that Ryan has generally satisfied the criteria for partial class certification under Fed. R. Civ. P. 23(a) and (b)(3), except to

the extent discussed below.[1]

2.  The defendants continue to dispute Ryan's estimated size of the class and whether certain former inmates meet or should be included within the class definition. For example, Ryan seeks to include in the putative class at least one former inmate whose records show that the underlying offenses involved possession of illegal substances, even though Ryan has stated that "individuals who were arrested on a default or other warrant for which any of the underlying criminal charges involved drugs or weapons would not meet the class definition." *See* Supplemental Memorandum, ¶ 3.

3.  Another example is Ryan's inclusion of an incarcerated prisoner from Alabama who was transferred to Massachusetts and held by the jail by order of the court.

4.  Further, in some instances where individuals were brought to the jail on, for example, default warrants, a mittimus for contempt, or a probation violation, there may have been circumstances regarding those specific individuals that provided a reasonable suspicion to strip search the individuals. For example, the individual may have a history of possessing drugs or weapons. Or, further investigation may reveal that the underlying charges or the violation of probation or parole involved a crime relating to drugs or weapons. As the plaintiff concedes, those individuals should not be included within the class. *See* Supplemental Memorandum, ¶ 3.

5.  Lastly, for all the above reasons regarding variability within the putative class, and as the plaintiff appears to concede, there will be a need for further refinement of the class definition (for example, into subclasses) or separate liability and/or damages hearings with respect to individual circumstances and/or subclasses of individuals, depending on the factual circumstances that arise throughout discovery. *See* Plaintiff's Memorandum in Support of Class Certification, p. 11 n. 24, p. 13 n. 29; *Ford v. City of Boston,* 154 F.Supp.2d 131, 145-46(D.

---

[1] The defendants reserve the right to later rebut the plaintiff's specific factual or legal assertions with which they do not agree.

Mass. 2001). For example, there would be no liability with respect to a putative class member for whom there existed an individualized reasonable suspicion to conduct a strip search. *See Ford,* 154 F.Supp.2d at 145-46.

6. The undersigned attempted this week to contact Ryan's counsel to address these issues, but he was on vacation. The undersigned is cautiously optimistic that through further discussions counsel may reach an agreement on who specifically should be included in the putative class.

          **ROBERT J. GARVEY AND**
          **PATRICK J. CAHILLANE,**
          **BY: THOMAS F. REILLY**
          **ATTORNEY GENERAL**

By: /s/ Timothy M. Jones
     Timothy M. Jones
     Assistant Attorney General
     Western Massachusetts Division
     1350 Main Street, 4th Floor
     Springfield, MA 01103
     (413)784-1240 ext. 105
     (413)784-1244 - Fax
     BBO#618656
     Dated: July 6, 2006

CERTIFICATE OF SERVICE

I, Timothy M. Jones, hereby understand that the plaintiff's attorney will be served via the CM/ECF system and thus no separate service is required.

/s/ Timothy M. Jones
Timothy M. Jones